# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

| | |
|---|---|
| ECCLESIASTICAL DENZEL WASHINGTON, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Case No. 08-CV-4092-NKL ) ) |
| MATT BLUNT, et al., | ) ) |
| Defendants. | ) ) ) |

**ORDER**

Before the Court is the Motion to Enforce Settlement Agreement [Doc. # 169] filed by Defendants Baslee, Blunt, Bright, Cassady, Caviness, Crawford, Dormire, Enloe, Eslahi, Hall, Hudson, Jones, Kemna, Lange, Long, Martin, Ortbals, Shields, Slaughter, Surface, and Swicord. For the following reasons, the Court grants the motion.

**I.    Background**

Plaintiff Ecclesiastical Denzel Washington is an inmate housed at Crossroads Correctional Center in Cameron, Missouri. Plaintiff Washington was previously housed at Jefferson City Correctional Center in Jefferson City, Missouri. Plaintiff initially filed suit on May 5, 2008 alleging an Eighth Amendment violation due to his exposure to environmental tobacco smoke at Jefferson City Correctional Center. Plaintiff was appointed counsel in September 2010. [Doc. # 103.] Counsel for Plaintiff filed an Amended Complaint on December 15, 2010 [Doc. # 115], as well as a Second Amended Complaint on February

22, 2011 [Doc. # 132]. Plaintiff's Second Amended Complaint seeks damages for alleged violations of Plaintiff's Eighth and Fourteenth Amendment rights due to denial of medical care, failure to protect from known inhalation hazard, and failure to protect from attack.

On March 4, 2011, this Court requested that the parties work to reach a resolution of the case. After negotiation, counsel reached an agreement in principle, but Plaintiff Washington did not approve and refused to sign that settlement agreement.

On May 17, 2011, this Court ordered the parties to again check with their clients to see if the case could be settled, considering that the parties' positions did not appear to be far apart. The Court ordered the parties to decide by May 23, 2011 whether to accept the proposed settlement. [Doc. # 163.]

The parties then reached a settlement agreement. Plaintiff Washington agreed to stipulate to the dismissal of his lawsuit with prejudice and release all claims against Defendants in exchange for a cell-change, the payment of a sum certain to Plaintiff's counsel to cover filing fees, and other miscellaneous items as agreed to between Plaintiff and his counsel. All necessary parties, including Plaintiff Washington, signed the Settlement Agreement detailing the agreement between the parties. [Doc. # 169, Ex. A.]

However, on May 23, 2011, Plaintiff Washington wrote a letter to the Court apparently objecting to the Settlement Agreement which he had signed. [Doc. # 167.] In response, the Court ordered the parties, including Plaintiff Washington, to participate in a teleconference. At that May 24 teleconference:

> Mr. Burd informed the Court that Mr. Washington refused to come out of his cell and participate in the phone conference. Mr. Burd stated there is a video tape of this situation. The Court asked Mr. Burd to maintain the video tape for a period of time so that it is not destroyed. Mr. Rodopoulos requested leave to withdraw. The defendants had no objection. The Court granted the oral motion to withdraw by [Plaintiff's counsel] Mr. Rodopoulos and Mr. McClain. Mr. Lewis stated that defendants want to pursue enforcement of the settlement. The Court granted defendants leave to file a motion to enforce settlement and directed defendants to provide copies of filings directly to Mr. Washington since he is now pro se.

[Doc. # 168.]

On May 27, 2011, Defendants filed the Motion to Enforce Settlement Agreement. [Doc. # 169.] No suggestions in opposition have been filed with respect to that motion. However, Plaintiff Washington has recently filed three pro se motions, moving to appoint counsel and to add parties. [Docs. ## 172, 173, 174.]

## II. Discussion

"The district court has inherent power to enforce a settlement agreement as a matter of law when the terms are unambiguous." *Barry v. Barry*, 172 F.3d 1011, 1013 (8th Cir. 1999) (citing *Gatz v. Southwest Bank of Omaha*, 836 F.2d 1089, 1095 (8th Cir. 1988)). "Once parties have settled a dispute and have agreed to settlement terms, the parties cannot rescind it." *Caleshu v. Merrill Lynch*, 737 F.Supp. 1070, 1086 (E.D. Mo. 1990) (citing *Kelly v. Greer*, 365 F.2d 669 (3rd Cir. 1966), *cert. denied* 385 U.S. 1035 (1967)). Basic principles of contract law govern the enforcement of a settlement agreement. *Chaganti & Assocs., P.C. v. Nowotny*, 470 F.3d 1215, 1221 (8th Cir. 2006) (citations omitted). Under Missouri law, the party that attacks a release "bears the burden of showing that the contract he has made

is tainted with invalidity, either by fraud practiced upon him or by a mutual mistake under which both parties acted." *Cameron v. Norfolk & W. Ry.*, 891 S.W.2d 495, 499 (Mo. Ct. App. 1994) (citing *Callen v. Pennsylvania R.R. Co.*, 332 U.S. 625, 630 (1948)). Even where one party "may now be unhappy with some or all of the terms . . . the fact that a party decides after the fact that a contract is not to its liking does not provide a reason to suppose that a contract was not in fact formed or to release that party from its obligation." *Visiting Nurse Ass'n, St. Louis v. VNAHealthcare, Inc.*, 347 F.3d 1052, 1055 (8th Cir. 2003).

Here, Plaintiff Washington was represented by counsel at the time he signed the Settlement Agreement. When the Court scheduled a teleconference to discuss the Settlement Agreement, Plaintiff Washington refused to come out of his cell to explain his objections to it. In light of Plaintiff's refusal to cooperate, the Court granted Plaintiff's counsel's motion to withdraw. No suggestions in opposition were filed in response to this Motion to Enforce.

The Settlement Agreement bears Plaintiff Washington's signature. The Settlement Agreement also contains the essential terms of the parties' agreement. Those terms are specific, unambiguous, supported by consideration, and form a valid, enforceable contract. [Doc. # 169, Ex. A.]

Considering that Plaintiff refused to explain to the Court why the Settlement Agreement is not valid, the Court grants the Motion to Enforce. In light of the enforcement of the Settlement Agreement, all other motions in this case are rendered moot.

**III.  Conclusion**

Accordingly, it is hereby ORDERED that Defendants' Motion to Enforce Settlement Agreement [Doc. # 169] is GRANTED. Defendants' Motion to Dismiss for Failure to State a Claim [Doc. # 116] and Motion to Dismiss Plaintiff's Second Amended Complaint [Doc. # 144], as well as Plaintiff's Motion for Summary Judgment [Doc. # 159], Motion to Appoint Counsel [Doc. # 172], Motion to Amend to Add Parties [Doc. # 173], and Motion to Appoint Counsel [Doc. # 174] are DENIED as moot.

s/ Nanette K. Laughrey
NANETTE K. LAUGHREY
United States District Judge

Dated: July 12, 2011
Jefferson City, Missouri